BERGDORF GOODMAN CO. (GLOBE SHIPPING CO., INC.) ET AL. *v.* UNITED STATES

**No. 6528.**—Invoices dated London, England, April 28, 1946, etc.
   Certified April 28, 1946, etc. ·
   Entered at New York, N. Y., June 6, 1946, etc.
   Entry Nos. 766540; 758636.

(Decided November 18, 1946)

*John D. Rode* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334.

Undisputed facts establish that the proper basis for appraisement of the instant merchandise is export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), and that such statutory values for the articles in question are the appraised values less additions, made on entry because of advances in similar cases.

NICA-RATTNER, INC., ET AL. *v.* UNITED STATES

**No. 6529.**—Invoices dated Oakleigh Park, England, August 18, 1941, etc.
   Certified August 20, 1941, etc.
   Entered at New York, N. Y., November 28, 1941, etc.
   Entry No. 727093, etc.

(Decided November 19, 1946)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, involve the proper dutiable values of certain merchandise imported from England. The record upon which said appeals have been submitted establishes that the issues herein are the same in all material respects as the issues involved in *United States* v. *Pitcairn*, C. A. D. 334, and the record therein has been admitted in evidence in these appeals.

Upon the established facts and following the cited authority, I find and hold the proper dutiable export values of the merchandise covered by said appeals to be the values found by the appraiser, less any additions made by the importers on entry to meet advances made by the appraiser in similar cases then pending on appeal. Judgment will be rendered accordingly.